# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| JOHN SLOMANSKI and MARGARET BRUSEWITZ, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>ALLIANCE COLLECTION AGENCIES, INC.,<br><br>　　　　　Defendant. | Case No.: 20-cv-956<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA") and the Wisconsin Consumer Act, Chs. 421-427, Wis. Stats. (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by Plaintiffs pursuant to 15 U.S.C. § 1692k, and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff John Slomanski is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff Margaret Brusewitz is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Each Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt incurred for personal, family, or household purposes.

6. Each Plaintiff is also a "customer" as defined in the WCA, Wis. Stat. § 421.301(17), in that the debt Defendant sought to collect arose from a consumer transaction with an agreement to defer payment.

7. Defendant Alliance Collection Agencies, Inc. ("Alliance") is a domestic business corporation with its principal offices located at 3916 South Business Park Avenue, Marshfield, Wisconsin 54449.

8. Alliance is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. Alliance is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes.

10. Alliance is licensed as a "Collection Agency" by the Wisconsin Department of Financial Institutions pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg. 74.

11. Alliance is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

## FACTS

### *Facts Related to Plaintiff Slomanski*

12. On or about December 30, 2019, Defendant mailed a debt collection letter to Plaintiff Slomanski regarding an alleged debt. A copy of this letter is attached to this Complaint as Exhibit A.

13. Upon information and belief, the alleged debts referenced in Exhibit A were incurred as the result of a transaction for personal medical services with an agreement to defer payment. *See Tylke v. Advanced Pain Mgmt., S.C.*, Case No. 14cv5354 (Milwaukee Co. Cir. Ct., Dec. 11, 2014) ("Any time a merchant sends a bill for goods or services after a consumer

2

transaction has taken place, there is an 'agreement to defer payment.'"); *see also, e.g., Kelly v. Montgomery Lynch & Assocs.*, 2008 U.S. Dist. LEXIS 30917, at * 9-10 (N.D. Ohio Apr. 15, 2008) ("The debt at issue in this case involves financial expenses incurred … in exchange for medical services …. Pursuant to this debt, the Plaintiff was offered the right to receive medical services and to defer payment on those financial obligations. This is a classic transaction out of which debts arise under the FDCPA.").

14. Upon information and belief, Exhibit A is a form letter, generated by a computer, and with the information specific to Plaintiff Slomanski inserted by the computer.

15. Upon information and belief, Exhibit A is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

16. Exhibit A includes the following representations:

```
Creditors:                                          Amount Owed:
AURORA HEALTH CARE METRO INC                                0.00
AURORA MEDICAL GROUP INC                                  651.37
                                  TOTAL AMOUNT DUE:      $651.37
```

17. Exhibit A states that the "Amount Owed" for one of the accounts Alliance is attempting to collect is $0.00.

18. Yet Exhibit A also states that the "account(s)" listed on Exhibit A "have not been paid in full."

19. Exhibit A is confusing and misleading on its face, as it threatens to sue the consumer despite one of the listed accounts having a balance of zero.

20. An account balance of $0.00 is inherently confusing and ambiguous, especially in conjunction with language that the accounts "have not been paid in full" and that the accounts may be referred to an attorney to file a lawsuit.

3

21. A consumer receiving a dunning letter stating that it is collecting an account with a balance of zero would believe that the actual balance of the account is a number greater than zero.

22. Debt collection, by nature, requires an "amount due." A creditor or debt collector billing a consumer to "pay" an account for which there is a $0.00 "amount due" is not a debt. A creditor and/or debt collector has no enforceable right to *anything* from a consumer regarding an account with a zero balance.

23. Contacting a consumer to collect a $0.00 balance is harassment and taking action by sending debt collection letters that cannot legally be taken because, by definition, no debt exists.

24. A collection agency's reference to a $0.00 account balance is also confusing and misleading as to whether the collection agency is reporting the account to credit bureaus as a collection account and would not know how, or whether, she should dispute the "debt."

25. Alternatively, if a debt does exist and Alliance has incorrectly represented the balance to be zero, then Alliance has misrepresented the "character, amount, or legal status" of the debt.

26. Furthermore, Exhibit A also includes the following representations:

> We have been authorized by our client to refer the account(s) listed above to an attorney for the purposes of initiating a lawsuit against you.

27. Exhibit A thus threatens to initiate legal proceedings against Plaintiff Slomanski should he fail to satisfy his alleged debt.

28. As of June 25, 2020, however, no legal proceedings in connection with Plaintiff Slomanski's alleged debt had been commenced.

29. Upon information and belief, neither Alliance nor the creditor(s) of Plaintiff Slomanski's alleged debt ever intended to refer the account in question to an attorney or commence any legal proceedings in connection with Plaintiff's alleged debt.

4

30. Moreover, an unsophisticated consumer would understand the representation in Exhibit A that Alliance has been "authorized by our client to refer the account(s) listed above to an attorney for the purposes of initiating a lawsuit against you" to mean that Alliance had been authorized to direct litigation against the consumer as the attorney's client.

31. Any representation that the creditor has authorized Alliance to direct litigation is false and misleading because Alliance is not the real party in interest under Wisconsin law. *State ex rel. State Bar of Wisconsin v. Bonded Collections, Inc.*, 154 N.W.2d 250, 258 (Wis. 1967) ("Such direction of litigation, though as an agent for client, constitutes the unauthorized practice of law if such an agency agreement is not casual, but is done as a regular and usual procedure in the business of collecting claims for others.").

32. The false representation that Alliance would be directing the litigation is a material false statement. Indeed, the material difference between an account being assigned to a debt collector and an account remaining with the creditor is at the heart of the FDCPA. *See Schlosser v. Fairbanks Capital Corp.*, 323 F.3d 534, 536 (7th Cir. 2003) (observing that Congress excluded creditors from regulation under the FDCPA because they "generally are restrained by the desire to protect their good will when collecting past due accounts," whereas debt collectors may have "no future contact with the consumer and often are unconcerned with the consumer's opinion of them.") (citing S. Rep. 95-382, at 2 (1977), *reprinted in* 1977 U.S.C.C.A.N. 1695, 1696), *abrogated in part by, Henson v. Santander Consumer USA Inc.*, 137 S. Ct. 1718 (2017).

33. Alliance is a collection agency whose principal business purpose is collecting the portion of accounts that remain unpaid whereas the creditor is a nonprofit medical provider that has been paid in large part for most of its claims through medical insurance.

5

34. The creditor's principal purpose is not collecting debts, and even if it was, it may stand to make more money from consumers by *not* suing them and instead collecting the (often quite substantial) portion of each account balance that is payable by the consumers' insurer. Indeed, if the creditor immediately sued the consumer every time an account went unpaid, many consumers would seek medical service elsewhere, denying the creditor the opportunity to perform medical services and the opportunity to obtain substantial payment from the consumer's insurers.

35. Alliance's principal purpose is to collect the portion of accounts that remain unpaid so Alliance has not received substantial payment from the consumer's insurer. Moreover, Alliance does not have any motivation to delay the filing of a collection action because, unlike the consumer's medical services provider, the consumer does not get to choose which debt collection agency the creditor engages.

36. Plaintiff Slomanski was confused by Exhibit A.

37. The unsophisticated consumer would be confused by Exhibit A.

### *Facts Related to Plaintiff Brusewitz*

38. On or about December 30, 2019, Defendant mailed a debt collection letter to Plaintiff Brusewitz regarding an alleged debt. A copy of this letter is attached to this Complaint as Exhibit B.

39. Upon information and belief, the alleged debts referenced in Exhibit B were incurred as the result of a transaction for personal medical services with an agreement to defer payment.

40. Upon information and belief, Exhibit B is a form letter, generated by a computer, and with the information specific to Plaintiff Brusewitz inserted by the computer.

6

41. Upon information and belief, <u>Exhibit B</u> is a form debt collection letter, used by Defendant to attempt to collect alleged debts.

42. <u>Exhibit B</u> includes the following representations:

| CREDITOR | SERVICE DATE | REFERENCE NUMBER | TOTAL BALANCE |
|---|---|---|---|
| AURORA HEALTH CARE MET | 02/18/15 | 8378 | 0.00 |
| AURORA HEALTH CARE MET | 06/30/15 | 1230 | 955.78 |
| AURORA HEALTH CARE MET | 09/22/16 | 1900 | 15.00 |
| AURORA HEALTH CARE MET | 09/09/16 | 3283 | 15.00 |
| AURORA HEALTH CARE MET | 11/04/16 | 3291 | 84.53 |
| AURORA HEALTH CARE MET | 05/06/16 | 3299 | 228.47 |
| AURORA HEALTH CARE MET | 08/12/16 | 3307 | 1,475.00 |
| AURORA HEALTH CARE MET | 03/02/17 | 6570 | 362.64 |
| AURORA HEALTH CARE MET | 03/23/17 | 6577 | 362.64 |
| AURORA HEALTH CARE MET | 07/20/17 | 4847 | 15.00 |
| AURORA HEALTH CARE MET | 08/19/18 | 5921 | 80.00 |
| AURORA MEDICAL GROUP I | 11/04/16 | 3275 | 7.64 |
| LAKESHORE MEDICAL CLIN | 03/21/17 | 5569 | 15.00 |
| | | GRAND TOTAL | $3,616.70 |

43. <u>Exhibit B</u> states that the "Amount Owed" for one of the accounts Alliance is attempting to collect is $0.00.

44. Yet <u>Exhibit B</u> also states that the "account(s)" listed on <u>Exhibit B</u> "have not been paid in full."

45. <u>Exhibit B</u> is confusing and misleading on its face, as it threatens to sue the consumer despite one of the listed accounts having a balance of zero.

46. Plaintiff Brusewitz was confused by <u>Exhibit B</u>.

47. The unsophisticated consumer would be confused by <u>Exhibit B</u>.

### *The FDCPA*

48. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Derosia v. Credit Corp. Solutions*, 2018 U.S. Dist. LEXIS 50016, *12, 2018 WL 1513043 (E.D. Wis. March 27, 2018); *Pogorzelski*

7

Case 2:20-cv-00956-WED    Filed 06/25/20    Page 7 of 16    Document 1

*v. Patenaude & Felix APC*, No. 16-C-1330, 2017 U.S. Dist. LEXIS 89678 *9 (E.D. Wis. June 12, 2017) ("A plaintiff who receives misinformation from a debt collector has suffered the type of injury the FDCPA was intended to protect against."); *Spuhler v. State Collection Servs.*, No. 16-CV-1149, 2017 U.S. Dist. LEXIS 177631 (E.D. Wis. Oct. 26, 2017) ("As in Pogorzelski, the Spuhlers' allegations that the debt collection letters sent by State Collection contained false representations of the character, amount, or legal status of a debt in violation of their rights under the FDCPA sufficiently pleads a concrete injury-in-fact for purposes of standing."); *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,'"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lanev. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *see also, Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir.

8

2014)).For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

49. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

50. Misrepresentations of the character, amount or legal status of any debt, including language confusing or obscuring purported settlement offers, injure or risk injury to interests expressly protected by Congress in the FDCPA. *See Degroot v. Client Servs.,* 2020 U.S. Dist. LEXIS 6677 (E.D. Wis. Jan. 15, 2020) ("[A]n informational injury can be concrete when the plaintiff is entitled to receive and review substantive information."); *Oloko v. Receivable Recovery Servs.*, 2019 U.S. Dist. LEXIS 140164 (N.D. Ill. Aug. 19, 2019); *Untershine v. Encore Receivable Mgmt., Inc.*, 18-cv-1484 (E.D. Wis. August 9, 2019); *Richardson v. Diversified Consultants*, No. 17-cv-4047, 2019 U.S. Dist. LEXIS 118786 *10-11 (N.D. Ill. July 17, 2019); *see also Pierre v. Midland Credit Mgmt., Inc.*, 2017 WL 1427070, at *4 (N.D. Ill. Apr. 21, 2017); *Saenz v. Buckeye Check Cashing of Illinois*, 2016 WL 5080747, at *1-2 (N.D. Ill. Sept. 20, 2016); *Bernal v. NRA Grp., LLC*, 318 F.R.D. 64, 72 (N.D. Ill. 2016) (holding that Plaintiff had standing to challenge misleading communication sent to him because the communication violated his "right to be free from such misleading communications"). Such misrepresentations may cause consumers to make incorrect decisions about their finances or make payments to incorrect parties.

9

51. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

52. 15 U.S.C. § 1692e(2)(a) specifically prohibits the "false representation of the character, amount, or legal status."

53. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

54. 15 U.S.C. § 1692e(10) specifically prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

### *The WCA*

55. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

56. The Wisconsin Supreme Court has favorably cited authority finding that the WCA "goes further to protect consumer interests than any other such legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in any state." *Kett* v. *Community Credit Plan, Inc.*, 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

57. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

58. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1983). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and also competitors

10

of the violators, whose competitive advantage should not be diminished because of their compliance with the law.

59. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stats. § 427.104.

60. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stats. § 422.202(1). The Act also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all customers who suffer similar injuries. *See* Wis. Stats. §§ 426.110(1); § 426.110(4)(e). Finally, "a customer may not waive or agree to forego rights or benefits under [the Act]." Wis. Stat. § 421.106(1).

61. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

62. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumer" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id.*

63. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer … in such a manner as can reasonably be expected to threaten or harass the customer."

11

64. Wis. Stat. § 427.104(1)(h) states that a debt collector may not: "Engage in other conduct … in such a manner as can reasonably be expected to threaten or harass the customer."

65. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist."

66. Wis. Stat. § 427.104(1)(L) states that a debt collector may not: "Threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt."

67. The Wisconsin Department of Financial Institutions, which is tasked with regulating licensed debt collectors, has found that "conduct which violates the Federal Fair Debt Collection Practices Act" can reasonably be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

**COUNT I – FDCPA**

68. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

69. Count I is brought on behalf of both Plaintiffs.

70. Exhibits A & B attempt to collect an "Amount Owed" of $0.00 from Plaintiffs.

71. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5) and 1692e(10).

**COUNT II – WCA**

72. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

73. Count II is brought on behalf of both Plaintiffs.

74. Exhibits A & B attempt to collect an "Amount Owed" of $0.00 from Plaintiffs.

75. Defendant is licensed as a collection agency.

12

76. Defendant violated Wis. Stat. §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

## COUNT III – FDCPA

77. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

78. Count III is brought on behalf of Plaintiff Slomanski.

79. By stating "we have been authorized by our client to refer the account the account(s) listed above to an attorney for the purposes of initiating a lawsuit against you," Exhibit A falsely threatens to commence legal proceedings against Plaintiff Slomanski.

80. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5) and 1692e(10).

## COUNT IV – WCA

81. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

82. Count IV is brought on behalf of Plaintiff Slomanski.

83. By stating "we have been authorized by our client to refer the account the account(s) listed above to an attorney for the purposes of initiating a lawsuit against you," Exhibit A falsely threatens to commence legal proceedings against Plaintiff Slomanski.

84. Defendant is licensed as a collection agency.

85. Defendant violated Wis. Stat. §§ §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

## COUNT V – FDCPA

86. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

87. Count V is brought on behalf of Plaintiff Slomanski.

88. By stating "we have been authorized by our client to refer the account the account(s) listed above to an attorney for the purposes of initiating a lawsuit against you," <u>Exhibit A</u> falsely indicates that Alliance is authorized to direct litigation against Plaintiff.

89. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(5) and 1692e(10).

## COUNT VI – WCA

90. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

91. Count VI is brought on behalf of Plaintiff Slomanski.

92. By stating "we have been authorized by our client to refer the account the account(s) listed above to an attorney for the purposes of initiating a lawsuit against you," <u>Exhibit A</u> falsely indicates that Alliance is authorized to direct litigation against Plaintiff.

93. Defendant is licensed as a collection agency.

94. Defendant violated Wis. Stat. §§ §§ 427.104(1)(g), 427.104(1)(h), 427.104(1)(j), and 427.104(1)(L).

## CLASS ALLEGATIONS

95. Plaintiff brings this action on behalf of a class, consisting of: (a) all natural persons in the State of Wisconsin (b) seeking to collect one or more debts incurred for medical services, (c) between June 25, 2019 and June 25, 2020, inclusive, (d) that was not returned by the postal service.

96. Plaintiff also brings this action on behalf of a subclass, consisting of: (a) all natural persons in the State of Wisconsin (b) to whom defendant Alliance sent a collection letter in the form of <u>Exhibit A</u> to the complaint, stating an "Amount Owed" of $0.00, (c) seeking to collect one

14

or more debts incurred for medical services, (d) between June 25, 2019 and June 25, 2020, inclusive, (f) that was not returned by the postal service.

97. Upon information and belief, the class is so numerous that joinder is impracticable.

98. Upon information and belief, there are more than 50 members of the class.

99. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA and/or the WCA.

100. Plaintiffs' claims are typical of the claims of the class members. All are based on the same factual and legal theories.

101. Plaintiffs will fairly and adequately represent the interests of the Class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

102. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

103. Plaintiffs hereby demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and the Class and against Defendant for:

(a)   actual damages;

(b)   statutory damages;

(c)   attorneys' fees, litigation expenses and costs of suit; and

(d)   such other or further relief as the Court deems proper.

Dated: June 25, 2020

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com